JOHN SHALLCROSS, PLAINTIFF-RESPONDENT, v. ISBELL PORTER COMPANY, DEFENDANT-APPELLANT.

Argued October term, 1925—Decided March 18, 1926.

Negligence—Motor Vehicle Collision—Truck, Disabled, Had Been Temporarily Abandoned on Side of Road on a Rainy Night— Complainant Alleges Without Light—Defendant Claims There was a Light Under Car, Also a Light on Street, Rendering Car Visible for Fifty or Seventy-five Feet—Jury Question—Judgment for Plaintiff Affirmed.

Before Justices PARKER, MINTURN and BLACK.

For the defendant-appellant, *Kellogg & Chance*.

For the plaintiff-respondent, *Jacob R. Mantel*.

PER CURIAM.

This action was tried in the Second District Court of Essex county, without a jury, and judgment was rendered for the plaintiff for $212.50.

The action concerned an automobile collision, in these circumstances: The plaintiff's driver and helper testified that plaintiff's truck was running at not more than ten miles an hour, upon a windy, rainy night; that it was difficult to see ahead; that they did not see defendant's truck until five feet from it; that there was no light on the truck or near it, and that it stood on the right-hand side of the road, with no one on it or near it to warn any person approaching of its presence.

The defendant's driver and helper testified that because of engine trouble they stopped the truck on the side of the road, abandoned it and returned to Jersey City; that they left a lighted tail lamp, two or three feet under the body of the truck, and that directly across the street was a light, rendering objects visible for fifty or seventy-five feet. Whether under such circumstances the defendant was guilty of negligence presented a jury question.

A case presenting a situation to some extent similar, but probably presenting a more aggravated and excusable status, owing to the presence of a violent snowstorm which obscured the entire environment, was held by the Court of Errors and Appeals to present a question of fact for the jury. *Seibert* v. *Goldstein Co.,* 99 *N. J. L.* 200.

The case at bar for that reason must be affirmed.